1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA


JAMES HAROLD HARVEY,      )
                              )
          Plaintiff(s),     )    No C 05-4556 VRW (PR)
                              )
    vs.                    )    ORDER OF DISMISSAL
                              )
STEPHEN MAYBERG, et al,     )    (Doc # 2)
                              )
          Defendant(s).    )
_____ )


       Plaintiff, a former state prisoner currently detained at the San Francisco

County Jail on state charges seeking to declare him a "sexually violent predator"

and civilly commit him to Atascadero State Hospital under California's Sexually

Violent Predator Act, Cal Welf & Inst Code § 6600 ("SVPA"), has filed a pro se

civil rights complaint under 42 USC § 1983 seeking damages for allegedly

unconstitutional acts leading to his current detention and pending charges.

Among other things, plaintiff alleges that defendants "fabricated and/or conspired

to fabricate evidence," and "solicited and/or conspired in the solicitation of false

testimony" leading to his detention and charges.  Plaintiff also seeks to proceed in

forma pauperis under 28 USC § 1915.

**DISCUSSION**

A.    <u>Standard of Review</u>

       Federal courts must engage in a preliminary screening of cases in which

prisoners seek redress from a governmental entity or officer or employee of a

governmental entity.  28 USC § 1915A(a).  The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id § 1915A(b).  Pro se pleadings must be liberally construed, however. Balistreri v Pacifica Police Dep't, 901 F2d 696, 699 (9th Cir 1990).

To state a claim under 42 USC § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v Atkins, 487 US 42, 48 (1988).

B.    Legal Claims

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v Humphrey, 512 US 477, 486-87 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Id at 487.

Heck applies to detainees under an involuntary civil commitment scheme such as SVPA, Huftile v Miccio-Fonseca, 410 F3d 1136, 1140 (9th Cir 2005), and to claims which necessarily imply the invalidity of pending charges, Harvey v. Waldron, 210 F.3d 1008, 1014 (9th Cir. 2000).  Where, as here, a detainee's claim for damages and/or declaratory relief would necessarily imply the invalidity of the detainee's pending charges, the claim is barred under the rationale of Heck.  See Huftile, 410 F3d at 1140-42; Harvey, 210 F3d at 1014.

2

Plaintiff's allegations fail to state a cognizable claim for relief under § 1983 and must be DISMISSED without prejudice.  See <u>Edwards v Balisok</u>, 520 US 641, 649 (1997); <u>Huftile</u>, 410 F3d at 1142; <u>Trimble v City of Santa Rosa</u>, 49 F3d 583, 585 (9th Cir 1995).[1]

## CONCLUSION

For the foregoing reasons, plaintiff's request to proceed in forma pauperis (doc # 2) is DENIED and the action is DISMISSED without prejudice.

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.  No fee is due.

SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

---

[1]And to whatever extent plaintiff seeks to challenge either the fact or duration of his confinement, his sole remedy is to file a petition for writ of habeas corpus under the habeas sections of Title 18.  See <u>Calderon v Ashmus</u>, 523 US 740, 747 (1998).  Any such claim is dismissed without prejudice.  See <u>Trimble</u>, 49 F3d at 586.

3